United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30258
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JEFF M. JEFFERS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:02-CR-109-1
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jeff M. Jeffers appeals his convictions and sentences for possession of an unregistered firearm with a barrel length of less than 18 inches, possession of a substance containing a detectable quantity of amphetamine, and possession with intent to distribute a substance containing cocaine. He argues that the district court erred in denying his motion to suppress the evidence seized from his residence because the affidavit used to obtain the search warrant was a "bare bones" affidavit. Because Jeffers did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

raise this argument in the district court, review of this issue is limited to plain error.  See United States v. Maldonado, 42 F.3d 906, 912 (5th Cir. 1995).  To establish plain error, Jeffers must show: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), cert. denied, ___ S. Ct. ___ (Oct. 3, 2005) (No. 04-9517).  If these factors are established, the court may correct the error in its discretion if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Maldonado, 42 F.3d at 913.

Jeffers has not shown that the district court's denial of his motion to suppress evidence was reversible plain error.  The affidavit submitted to obtain the search warrant was not a "bare bones" one as it contained information indicating that the confidential informant had previously provided reliable information that led to arrests and seizures of illegal narcotics, the informant had personally observed cocaine and ecstacy in Jeffers's residence, and the informant had personally observed Jeffers sell ecstacy pills for $20 each at Jeffers's residence.  The affidavit provided specific information indicating the informant was reliable and credible, and the affidavit was based on the informant's personal knowledge from which the judge could determine that probable cause existed.  See United States v. Cherna, 184 F.3d 403, 407-08 (5th Cir. 1999); United States v. Satterwhite, 980 F.2d 317, 320-21 (5th Cir. 1992).  Therefore, the officers executing the

warrant had a good-faith basis for relying on the search warrant. See Cherna, 184 F.3d at 407-08; Satterwhite, 980 F.2d at 321.

Jeffers also argues that the district court's imposition of his sentence under the mandatory United States Sentencing Guidelines held unconstitutional in United States v. Booker, 125 U.S. 738 (2005), was reversible plain error. Because he did not raise this issue in the district court, review is limited to plain error. See Maldonado, 42 F.3d at 912. Following Booker, the imposition of a sentence under the mandatory Guidelines was error that was both plain and obvious. See Mares, 402 F.3d at 520-21. However, Jeffers cannot show that the error affected his substantial rights because the district court sentenced him to 36 months of imprisonment within the applicable guideline range, and nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence if it had known that the Guidelines were not mandatory. See United States v. Martinez-Lugo, 411 F.3d 597, 600-01 (5th Cir. 2005). Therefore, Jeffers has not shown that the imposition of his sentence under the mandatory Guidelines was reversible plain error. See Mares, 402 F.3d at 520-21.

AFFIRMED.